This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38671**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ROBERT KELSEY,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DE BACA COUNTY**
**Matthew E. Chandler, District Court Judge**

Raúl Torrez, Attorney General
Van Snow, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Defendant Robert Kelsey appeals his conviction for third-degree criminal sexual contact of a minor (NMSA 1978, § 30-9-13(C) (2004) (child under thirteen)). Defendant claims (1) the admission of a videotaped deposition of the minor victim at trial was contrary to Rule 5-504 NMRA and violated his Sixth Amendment right to confrontation, (2) his conviction is not supported by sufficient evidence, and (3) the district court made several evidentiary errors. We affirm.

**DISCUSSION**

**I.      The Videotaped Deposition**

**{2}**      Defendant was convicted of causing his four-year-old daughter (Child) to touch his penis while he masturbated. Child testified about the sexual abuse in a videotaped deposition, the admission of which at trial is the focus of Defendant's appeal. Upon the State's motion made pursuant to Rule 5-504(A), the district court held a pretrial hearing at which Child's mother (Mother) and Child's counselor (Counselor) testified about, among other things, how they thought Child would react to being questioned in a jury trial. The district court granted the State's motion to take Child's videotaped deposition, pursuant to Rule 5-504(A). Defendant was present at the deposition with his counsel, who cross-examined Child. Subsequently, the district court admitted the videotaped deposition in lieu of live testimony at trial, pursuant to Rule 5-504(B). The district court found that Child would suffer "undue hardship" and "emotional trauma" if she were to testify. On limited remand from this Court, the district court issued written findings and conclusions further explaining its ruling.[1] On appeal, Defendant argues that "the district court erred in allowing video testimony under Rule 5-504 . . . and, in so doing, violated [his] right to confrontation." Before addressing Defendant's arguments, we briefly examine the applicable law.

**A.      The Confrontation Clause and Rule 5-504**

**{3}**      The United States Supreme Court has described "the irreducible literal meaning" of the Confrontation Clause of the Sixth Amendment to the United States Constitution as "a right to meet face to face all those who appear and give evidence at trial." *Coy v. Iowa*, 487 U.S. 1012, 1021 (1988) (emphases, internal quotation marks, and citation omitted). Any exception to such right will "be allowed only when necessary to further an important public policy." *Id.*; *see also Maryland v. Craig*, 497 U.S. 836, 850 (1990) ("[A] defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured."). Rule 5-504, along with its enabling statute, NMSA 1978, § 30-9-17 (1978), has been construed by our courts as one such exception. *See State v. Vigil*, 1985-NMCA-103, ¶¶ 9-11, 103 N.M. 583, 711 P.2d 28 (providing that Rule 5-504 and Section 30-9-17 seek to balance the public policy concern of protecting child victims of sexual crimes with the defendant's right to confrontation); *State v. Tafoya*, 1988-NMCA-082, ¶¶ 1, 18, 108 N.M. 1, 765 P.2d 1183 (providing, on remand from the United States Supreme Court for reconsideration in light of *Coy*, that "the strictures of the Confrontation Clause may give way to the compelling state interest of protecting child witnesses upon a case-specific showing and case-specific finding of necessity").

---

[1]If a district court does not make "individualized findings concerning the victim's need for special protection," the appropriate remedy is to remand so that the district court may make such findings. *State v. Benny E.*, 1990-NMCA-052, ¶¶ 11-12, 110 N.M. 237, 794 P.2d 380.

**{4}**     Rule 5-504 and Section 30-9-17 evince "a strong public policy . . . to protect child victims of sexual crimes from the further trauma of in-court testimony." *Vigil*, 1985-NMCA-103, ¶ 10. Rule 5-504 provides an additional exception to the rule against hearsay in cases where the alleged victim of criminal sexual penetration or criminal sexual contact is a child under the age of sixteen. Rule 5-504 authorizes the admission of a videotaped deposition of such a child in lieu of the child's live testimony if the district court determines that "the child is unable to testify before the court without suffering unreasonable and unnecessary mental or emotional harm." Rule 5-504(B)(1). "Special procedures adopted by the trial court to facilitate the testimony of child witnesses and protect them from unnecessary harm implicate a number of constitutional rights guaranteed to a defendant." *State v. Rodriguez*, 1992-NMCA-088, ¶ 16, 114 N.M. 265, 837 P.2d 459. To ensure the district court has properly balanced the defendant's constitutional right to confrontation and the public policy evinced in Rule 5-504 to protect the minor witness, the district court must make particularized findings that the minor would suffer the requisite harm by testifying at trial.[2] *See Vigil*, 1985-NMCA-103, ¶ 10; *Fairweather*, 1993-NMSC-065, ¶ 29; *Benny E.*, 1990-NMCA-052, ¶¶ 8-11. When such findings exist, and the additional prerequisites to admission under Rule 5-504 are satisfied,[3] this Court has held that "a defendant's confrontation right under the Sixth Amendment to the United States Constitution is satisfied."[4] *State v. Herrera*, 2004-NMCA-015, ¶ 7, 135 N.M. 79, 84 P.3d 696.

---

[2]Citing the United States Supreme Court in *Craig*, Defendant contends that the public policy exception here is limited to instances in which the child witness suffers trauma from being *in the presence of the defendant*—a situation not at issue in this case. It is true *Craig* recognized that reducing a child witness's trauma from testifying in the presence of the defendant is an important public policy that could warrant departure from face-to-face confrontation, but *Craig* does not purport to preclude the existence of other such public policies. *See* 497 U.S. at 855-56. Nor is our case law so limited. For instance, this Court previously has determined—under procedurally indistinct circumstances (i.e., where the defendant was present at the videotaped deposition)—that protecting a child witness "*from the further trauma of in-court testimony*," *Vigil*, 1985-NMCA-103, ¶ 10 (emphasis added), is a policy concern that can, under certain circumstances, outweigh a defendant's confrontation rights. *See id.* ¶¶ 9-10; *see also State v. Fairweather*, 1993-NMSC-065, ¶ 25, 116 N.M. 456, 863 P.2d 1077 (recognizing, post-*Craig*, a public policy exception to the right to confrontation as the "'protect[ion of] child victims of sexual crimes from the further trauma of in-court testimony'" (quoting *Vigil*, 1985-NMCA-103, ¶ 10)). Defendant does not ask this Court to revisit this line of cases, nor does he contend that Rule 5-504 or Section 30-9-17 are facially unconstitutional. We therefore reject Defendant's argument that the public policy exception is limited to the facts at issue in *Craig*.

[3]To comply with Rule 5-504, the district court must preside over the deposition, permit the defendant to attend the deposition, and ensure that the defendant receives an "adequate opportunity to cross-examine the child." Rule 5-504(B)(2)-(3).

[4]We pause to observe that federal Confrontation Clause jurisprudence has evolved since the foregoing principles of law were articulated. Specifically, this line of cases was decided prior to *Crawford v. Washington*, 541 U.S. 36 (2004). In *Crawford*, the United States Supreme Court overruled its construction of the Confrontation Clause in *Ohio v. Roberts*, 448 U.S. 56 (1980), which permitted "an unavailable witness's out-of-court statement [to] be admitted so long as it has adequate indicia of reliability—i.e., falls within a 'firmly rooted hearsay exception' or bears 'particularized guarantees of trustworthiness.'" *Crawford*, 541 U.S. at 42 (quoting *Roberts*, 448 U.S. at 66). In *Roberts*' place, the Court held: "Where testimonial evidence is at issue, . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford*, 541 U.S. at 68. Neither this Court nor our Supreme Court has had occasion to examine Rule 5-504 and Section 30-9-17 in light of this changed, post-*Crawford*

**{5}**     Generally, we review the admission of evidence pursuant to an exception to the hearsay rule for an abuse of discretion. *See State v. Lopez*, 2011-NMSC-035, ¶ 4, 150 N.M. 179, 258 P.3d 458. We, however, review the district court's factual findings in support of its decision to admit the videotaped deposition at trial for substantial evidence. *See Fairweather*, 1993-NMSC-065, ¶ 34. And we review de novo whether the admission of the videotaped deposition at trial violated Defendant's Sixth Amendment right to confrontation. *See Herrera*, 2004-NMCA-015, ¶ 5. Notwithstanding this, Defendant, as the appellant, bears the burden of demonstrating that the district court erred. *See State v. Deutsch*, 1985-NMCA-123, ¶ 32, 103 N.M. 752, 713 P.2d 1008 (providing that the defendant, "as appellant, had the burden of demonstrating prejudicial error"); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (providing that "it is [the d]efendant's burden on appeal to demonstrate any claimed error below").

## B.     Defendant's Arguments

**{6}**     In support of his claim that the district court erred by admitting the videotaped deposition in lieu of live testimony at trial, Defendant argues: (1) the district court's findings are not supported by substantial evidence; (2) the findings and evidence are inadequate to meet the standard under Rule 5-504(B)(1) and the Confrontation Clause; and (3) additional Confrontation Clause violations occurred.

### 1.     Substantial Evidence Challenge

**{7}**     Defendant's principal challenge to the admission of the videotaped deposition is that the district court's findings supporting this decision are not sustained by substantial evidence. *See Fairweather*, 1993-NMSC-065, ¶ 34 (reviewing a district court's Rule 5-504 decision for substantial evidence); *Vigil*, 1985-NMCA-103, ¶ 7 (same). For the following reasons, we conclude Defendant's substantial evidence challenge falls short.

**{8}**     Under the substantial evidence standard, "all disputed facts are resolved in favor of the successful party, with all reasonable inferences indulged in support of the finding, and all evidence and inferences to the contrary discarded." *Vigil*, 1985-NMCA-103, ¶ 7. Thus, the question for us on appeal is whether the district court's "decision is supported by substantial evidence, not whether the court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318; *see also State v. James*, 1989-NMCA-089, ¶ 11, 109 N.M. 278, 784 P.2d 1021 (same). When challenging findings on appeal, it is incumbent upon the appellant to (1) attack the contested findings directly, Rule 12-318(A)(4) NMRA, and (2) set out the substance

---

Confrontation Clause landscape. Thus, whether *Crawford* applies in this context, instead of the public policy exception articulated in our cases addressing Rule 5-504, is an open question. *Cf. State v. Thomas*, 2016-NMSC-024, ¶¶ 26-27, 376 P.3d 184 (providing that *Craig* applies only when a witness testifies at trial but the defendant is denied face-to-face confrontation and observing, parenthetically, that pre-*Crawford*, the admission of a videotaped deposition was held to be consistent with *Craig*). The parties, however, have not grappled with this question, and we decline to resolve this question sua sponte.

of all evidence supporting the district court's findings, Rule 12-318(A)(3). *See State ex rel. Foy v. Vanderbilt Cap. Advisors, LLC*, 2022-NMCA-026, ¶¶ 26, 28, 511 P.3d 329.

**{9}** As best we can tell, Defendant directly challenges only two of the district court's findings. First, Defendant challenges the finding that Child "would exhibit *signs of anxiety* in a jury trial setting." Defendant contends that although "the testimony [at the hearing on the State's motion for videotaped deposition] established that [Child] might not be *forthcoming* in a trial setting[,] there was no evidentiary basis for particular psychological symptoms." The State, for its part, cites the following in support of the district court's finding: Mother's testimony that Child cried and did not want to talk about the incident with Defendant when she was initially taken to a counselor; the fact that Child never addressed the incident during twelve counseling sessions; Mother's testimony that Child would avoid talking about things she found uncomfortable and would most likely shut down if forced to do so; and Counselor's testimony that testifying before the jury would be "very uncomfortable for [Child]," such that "she would probably shut down or not even respond."[5] Under the applicable standard of review, we conclude that substantial evidence supports the district court's finding that Child "would exhibit signs of anxiety in a jury trial setting." *See Maloof v. San Juan Cnty. Valuation Protests Bd.*, 1992-NMCA-127, ¶ 18, 114 N.M. 755, 845 P.2d 849 (providing that Rule 12-318(A)(3), formerly compiled as Rule 12-213(A)(3) NMRA, "imposes a duty upon an appellant, who seeks to challenge findings adopted below, to marshal all of the evidence in support of the findings and then demonstrate that even if the evidence is viewed in a light most favorable to the decision reached below, together with all reasonable inferences attendant thereto, the evidence is insufficient to support the findings").

**{10}** Second, Defendant challenges the district court's finding that "Child is *likely to think that she did something wrong* in reference to the incident and refuse to answer questions from the attorneys." This finding, Defendant contends, "does not follow from the evidence as there was no reason for [Child] to think she would get in trouble by testifying." Defendant appears to disregard, or at least discount, Mother's testimony. Specifically, when asked how Child would do if questioned about the incident, Mother testified, "I really think it depends on the setting. Because I think if she has any inclination that she may get in trouble, I don't think she will talk about it." Mother explained further, "If [Child] had any idea that she could possibly get in trouble [from discussing the incident,] she would have an issue. But I think if it was a more relaxed-type thing where everybody is calm and she does not think she is going to get in to any

---

[5]Defendant challenges the admission of Counselor's testimony regarding how she thought Child would react in a formal courtroom setting, contending it amounted to expert opinion testimony Counselor was not qualified to give. The parties dispute whether the rules of evidence would even apply to a hearing like that at which this testimony was elicited. Assuming for purposes of this opinion that they do, we perceive no error. The district court explained that Counselor's testimony was based on her familiarity and personal experience with Child during numerous counseling sessions—not based on her general experience with child victims of sexual abuse. This situation is thus unlike that in *State v. Duran*, 2015-NMCA-015, 343 P.3d 207, the case on which Defendant relies. *See id.* ¶¶ 11-18 (holding that testimony about the prevalence of delayed disclosure in child victims of sexual abuse based on the witness's experience with numerous child victims was expert, not lay, opinion testimony).

trouble, maybe she might [discuss the incident]." A reasonable inference from Mother's testimony is that the type of setting matters—the less relaxed the setting, the more likely Child will think she might be in trouble. *See Vigil*, 1985-NMCA-103, ¶ 7; *Maloof*, 1992-NMCA-127, ¶ 18. And it is no stretch to say that a jury setting—which consists of twelve jurors, alternate jurors, and a public courtroom—is less relaxed than the setting in which the deposition took place. Viewing this evidence consistent with the applicable standard, Defendant's challenge to the district court's finding that "Child is likely to think that she did something wrong in reference to the incident and refuse to answer questions from the attorneys" fails.[6]

**{11}** To the extent Defendant challenges other findings of fact, Defendant tends to portray the evidence favorably to his argument, contrary to the standard of review. *See Vigil*, 1985-NMCA-103, ¶ 7; *Maloof*, 1992-NMCA-127, ¶ 18. Defendant otherwise invites us to weigh Child's performance during the videotaped deposition and a forensic interview more heavily than Mother's and Counselor's testimony during the hearing on the State's motion to take the videotaped deposition. This, as the State observes, is not our prerogative. *See State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344 (providing that appellate courts "will not substitute our judgment for that of the factfinder, nor . . . reweigh the evidence").

**{12}** In short, Defendant has failed to persuade us that substantial evidence does not support the district court's findings.

## 2. Adequacy of the Findings and Evidence Under Rule 5-504(B)(1) and the Confrontation Clause

**{13}** Defendant next advances two arguments why the district court's findings are insufficient to sustain the district court's admission of the videotaped deposition under Rule 5-504(B)(1) and the Confrontation Clause. First, Defendant argues that the findings are not particularized to Child and therefore do not satisfy the hearsay standard in Rule 5-504(B) or the Confrontation Clause. *See Tafoya*, 1988-NMCA-082, ¶ 17 (providing that "a sufficient showing of particularized harm to the victims could outweigh the defendant's right to a face-to-face meeting with the witnesses"); *Fairweather*, 1993-NMSC-065, ¶ 29 (providing that "individualized findings justifying a deviation from the standard trial procedure of face-to-face confrontation in front of the jury" are needed "so that an appellate court may review those findings in determining whether the trial court properly balanced the defendant's Sixth Amendment right and the special need for protection of the child witness"). In support, Defendant contends that the district court found the "concerns related to . . . Child testifying are to be expected of any child of the same age." We are not persuaded. As an initial matter, attributing the foregoing finding

---

[6]Even if there were insufficient evidence to support this finding, its import appears insignificant, given the remaining findings by the district court, discussed below, *see infra* ¶ 14, that have been left unchallenged by Defendant. *See Normand ex rel. Normand v. Ray*, 1990-NMSC-006, ¶ 35, 109 N.M. 403, 785 P.2d 743 ("Even where specific findings adopted by the trial court are shown to be erroneous, if they are unnecessary to support the judgment of the court and other valid material findings uphold the trial court's decision, the trial court's decision will not be overturned.").

to the district court is misleading. The entire finding reads, "[Counselor] believes that the concerns related to . . . Child testifying are to be expected of any child of the same age." The finding reflects Counselor's, not necessarily the district court judge's, belief. Even if some of the concerns related to Child testifying might hold true for children her age, this does not diminish their applicability to Child. The district court found the foregoing concerns to apply to Child, and it based its decision to admit the videotaped deposition on those concerns.

**{14}** Second, Defendant argues the evidence was insufficient to meet the standard under Rule 5-504(B) or the Confrontation Clause. In particular, Defendant characterizes the evidence in this case as "paltry" compared to evidence this Court has found sufficient under Rule 5-504 and the Confrontation Clause. Defendant, however, never grapples with the evidence and findings that most directly support the district court's ruling. Specifically, Defendant leaves unchallenged numerous findings, including that "Child has expressed negative emotion when encouraged to discuss the incident,"[7] that Mother and Counselor "believed it would be very difficult for . . . Child to discuss the incident in a jury trial setting," and that Mother and Counselor "believed that . . . Child would likely be unable to testify in a jury trial setting." *See* Rule 12-318(A)(4) (providing that a finding is "deemed conclusive" if the appellant fails to "set forth a specific attack" of the finding); *Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the trial court is binding on appeal."). Defendant fails to explain why these findings, in conjunction with the finding that Child would suffer anxiety in the jury setting, are inadequate to support the district court's ultimate finding that "causing . . . Child to testify in a jury trial setting would cause unnecessary anxiety, anguish, embarrassment, and other mental or emotional harm," and conclusion that "the potential harm to . . . Child outweighs . . . Defendant's constitutional right to confront . . . Child at trial." *See State v. Lucero*, 1989-NMCA-103, ¶¶ 3, 36, 109 N.M. 298, 784 P.2d 1041 (holding that "[t]he trial court could properly determine that the potential for harm was substantial enough to outweigh [the] defendant's right to a face-to-face confrontation" where the child's treating psychologist "testified that the child would have difficulty sitting in the witness chair or talking if [the] defendant were present"), *overruled on other grounds by State v. Casaus*, 1996-NMCA-031, ¶ 12, 121 N.M. 481, 913 P.2d 669. We decline to undertake such an analysis on Defendant's behalf. *See State v. Flores*, 2015-NMCA-002, ¶ 17, 340 P.3d 622 (providing that this Court will not rule on an issue "where doing so would require this Court to develop the arguments itself, effectively performing the parties' work for them" (internal quotation marks and citation omitted)).

### 3. Remaining Confrontation Challenges

**{15}** Defendant makes several additional confrontation challenges. Defendant argues that he did not have an adequate opportunity to cross-examine Child during the deposition. *See Crawford*, 541 U.S. at 53-54 (providing that the Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial

---

7Defendant apparently believes the evidentiary support for this finding is weak, but never contends the finding is unsupported by substantial evidence.

unless [they were] unavailable to testify, and the defendant had had a prior opportunity for cross-examination"). In support of this contention, Defendant reframes the inquiry, contending he "did not have a full and fair opportunity for cross-examination at the deposition" because he was denied a pretrial interview of Child. Defendant cites no legal authority supporting the idea that these circumstances would amount to a Confrontation Clause violation. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("We will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists."). Regardless, Defendant fails to explain what would have been gleaned from a pretrial interview of Child such that the effectiveness of his cross-examination was impacted. Without this, Defendant's assertions that he was denied a full and fair opportunity to cross-examine Child ring hollow. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10 ("An assertion of prejudice is not a showing of prejudice."). Lastly, Defendant challenges the reliability of Child's deposition testimony, surmising that Mother could have been coaching Child during the deposition but, because of the camera angle, the jury was unable to see this. We find this argument to be lacking in both legal and record support and, as a result, give it no further consideration. *See Casares*, 2014-NMCA-024, ¶ 18; *Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 ("The mere assertions and arguments of counsel are not evidence.").

## II.      Sufficiency of the Evidence

**{16}**    Next, we address Defendant's argument that "the State presented insufficient evidence that any sexual contact occurred." In support, Defendant contends that an audio recording admitted at trial, in which Defendant encourages Child to play with "daddy's dragon," is ambiguous and not necessarily indicative of sexual abuse; that Child was coached by Mother to fabricate the sexual abuse; and that the techniques used by the forensic interviewer could have caused Child to falsify the allegations during the forensic interview.[8]

**{17}**    Contrary to the standard of review, Defendant ignores evidence supporting the verdict. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."). In particular, Child testified that Defendant called his penis "a dragon," that she saw Defendant "touching his privates," and that she touched his penis more than once even though she "did not want to do it." This testimony supports the inference that the audio recording captured sexual abuse. Mother also testified that Child had not previously been exposed to sexual material or sexual contact, a fact that supports the inference that Child was able to describe male masturbation only because she participated in the act with Defendant. *Cf. State v. Payton*, 2007-NMCA-110, ¶ 6, 142 N.M. 385, 165 P.3d 1161 (explaining that a jury could naturally "assume that an eight-year-old girl would not know about digital

---

8The forensic interview was admitted at trial without objection from Defendant for the purpose of determining Child's credibility.

penetration and must have learned about it in some manner, likely from [the d]efendant's actions").

**{18}** In the end, the jury chose to reject Defendant's account and to credit the State's case, which it plainly was entitled to do. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. Viewing the evidence consistently with our standard of review, we conclude that a rational juror could have found, beyond a reasonable doubt, that Defendant committed criminal sexual contact of a minor. *See Cunningham*, 2000-NMSC-009, ¶ 26.

### III.     Remaining Claims of Error

**{19}** Finally, Defendant raises two claims of error pertaining to the admission of certain testimony at trial. Specifically, Defendant claims: (1) the admission of the forensic interviewer's non-qualified expert opinion, that it was common for a child to be reluctant to disclose sexual abuse, was plain error; and (2) Mother's testimony describing Child's initial disclosure of sexual abuse was inadmissible hearsay. After considering the briefing, the record, and the relevant law, we conclude these claims do not warrant reversal. *See, e.g.*, *Aguilar v. State*, 1988-NMSC-004, ¶ 1, 106 N.M. 798, 751 P.2d 178 (summarily disposing of certain issues based on their lack of merit). First, even if the admission of the forensic interviewer's opinion were error, Defendant does not convince us that the admission infected the fairness or integrity of the judicial proceeding such that we should have grave doubts about the validity of the verdict. *See State v. Muller*, 2022-NMCA-024, ¶ 43, 508 P.3d 960 (providing that "we apply the [plain error] rule sparingly and only when we have grave doubts about the validity of the verdict, due to an error that infects the fairness or integrity of the judicial proceeding" and that "[t]he burden is on the defendant asserting plain error to establish prejudice" (internal quotation marks and citation omitted)). Second, as the State argues, there appears to be a non-hearsay purpose for Mother's testimony describing Child's initial disclosure—i.e., to explain why Mother began reviewing audio recordings of interactions between Child and Defendant. *See State v. Otto*, 2007-NMSC-012, ¶¶ 4-5, 17-20, 141 N.M. 443, 157 P.3d 8 (concluding that the admission of the mother's testimony reciting the child's allegation of sexual abuse was not hearsay because the statement was not offered to prove the truth of the matter asserted and instead proved why the mother confronted the defendant about the allegation). Regardless, even if Mother's testimony were inadmissible hearsay, Defendant has failed to argue how he was prejudiced by this evidence such that reversal is warranted. *See State v. Tollardo*, 2012-NMSC-008, ¶¶ 25, 36, 275 P.3d 110 (providing that improperly admitted evidence is only grounds for reversal where the error caused prejudice—i.e., where there is a reasonable probability that the error contributed to the verdict).

**CONCLUSION**

**{20}** For the foregoing reasons, we affirm.

**{21}**  **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**