**STATE of Iowa, Appellee,**

v.

**Larry Glen HOVERSTEN, Appellant.**

No. 88–890.

Supreme Court of Iowa.

March 22, 1989.

Rehearing Denied April 14, 1989.

Raymond E. Rogers, Acting Appellate Defender, B. John Burns, and James Whalen, Asst. Appellate Defenders, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and James L. Beres, County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

HARRIS, Justice.

Defendant was convicted of second-degree sexual abuse of his four-year-old stepdaughter. *See* Iowa Code § 709.3(2) (1987). The child was a prosecution witness and testified while a one-way mirror was placed between her and the defendant. She could not see the defendant while testifying but he could see her. On appeal the defendant asserts he was denied his Sixth Amendment confrontation rights. We think the circumstances of the case justify the protective use of the mirror. We affirm.

There was overwhelming evidence that the child had suffered outrageous abuse from someone. After some reluctance she identified the defendant who, although no longer living with the child's mother, occasionally baby-sat with the child. After charges were filed there was a hearing to determine whether the child was competent to testify. At that hearing it was established that she was suffering from post-traumatic stress syndrome for which she was receiving therapy. The trial court held she was competent to testify.

The State thereafter moved for a protective order, seeking erection of a screen or mirror in the courtroom. It was thought to be a routine matter at the time. Iowa Code section 910A.14(1) expressly authorized the mirror. The trial court was aware of our decision in *State v. Coy*, 397 N.W.2d 730, 734 (Iowa 1986), in which we held the statute did not violate the accused's rights of confrontation. The motion was filed and acted upon prior to the contrary holding by the United States Supreme Court in *Coy v. Iowa*, 487 U.S. ——, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). Indeed, although he unquestionably preserved error on the assignment by another pretrial motion and a trial objection, defendant did not even resist the application for the protective order.

Under these circumstances it is perhaps not surprising that the trial court did not extensively detail the necessity of protecting the child by means of the mirror. The trial court had already observed the child during the competency hearing.[1] The court knew she was suffering from and being treated for posttraumatic stress syndrome. In granting the motion for protective order the court merely stated, "some allowances are justified to protect the delicate emotional condition of the child in this traumatic experience of testifying in open court."

■ I. Because the appeal turns on a constitutional issue, we review the record de novo and evaluate the totality of the circumstances. *Conner v. State*, 362 N.W.2d 449, 458 (Iowa 1985).

In *Coy* the United States Supreme Court recognized there are exceptions to an accused's right to a face-to-face meeting with witnesses when necessary to further an important public policy. *Coy*, 487 U.S. at ——, 108 S.Ct. at 2803, 101 L.Ed.2d at 863. Protection of child witnesses is such an exception. *Id.* at ——, 108 S.Ct. at 2805, 101 L.Ed.2d at 869–70 (O'Connor, J., concurring). We recently recognized the child witness exception. *In re Interest of J.D.S.*, 436 N.W.2d 342, 345 (Iowa 1989). The exception was also recognized in *State v. Tafoya*, 765 P.2d 1183, 1186 (N.M.Ct.App. 1988).

Defendant contends strenuously that the brief and rather conclusory nature of the trial court findings cannot suffice to form an exception for such a fundamental constitutional right. We certainly wish to recognize and protect any fundamental constitutional right but we are not persuaded that the trial judge's ability to write up details is of controlling importance to the defendant's rights. More critical is whether a de

---

1. It is immaterial that two judges were involved; one conducted the competency hearing and the other considered the motion for protective order. The first judge's order on the competency hearing, which was available to the second judge, detailed extensive testimony concerning the child's condition. The first judge's observations were officially acquired by the court and binding on the second judge. In any event our controlling inquiry focuses on the child's need of protection, as shown by a de novo review of the entire record.

novo review of the record justifies the trial court's finding that the child needed the protection. This record plainly does.

The child, by time of trial, was five years old. Physical evidence clearly showed she had been the victim of horrendous and painful abuse by someone. She was under treatment for the posttraumatic stress syndrome. We emphatically agree with the trial court's protective order.

II. Defendant's second assignment of error challenges trial court evidentiary rulings. Testimony was admitted under Iowa rule of evidence 801(d)(1)(B) (statement not hearsay if offered to rebut a charge of fabrication or improper influence). The assignment presupposes the child's testimony was improper. Otherwise the ruling was proper. *State v. Brotherton*, 384 N.W.2d 375, 380 (Iowa 1986). Because we have found her testimony was proper the testimony was admissible.

AFFIRMED.