No. 96-1399NI

Allen D. LaBayre,                    *
                                     *
            Appellant,               *
                                     *     Appeal from the United States
     v.                              *     District Court for the Northern
                                     *     District of Iowa.
State of Iowa,                       *
                                     *
            Appellee.                *

Submitted:  September 12, 1996

Filed:  October 7, 1996

Before FAGG, BEAM, and MURPHY, Circuit Judges.

FAGG, Circuit Judge.

     The State of Iowa charged Allen D. LaBayre with two counts of second-degree sexual abuse for the oral and anal rapes of his girlfriend's two young sons over a two-year period.  Before LaBayre's 1988 trial, the State filed a motion to present the boys' testimony on closed circuit television under Iowa Code § 910A.14(1) (1987).  After an evidentiary hearing, the trial court granted the motion.  Although the younger boy did not testify at LaBayre's trial, the older boy, then eight, testified under oath and was cross-examined in a courtroom in the presence of the judge, the attorneys, the guardian ad litem, and the equipment operators.  LaBayre was in chambers, and the jury was in another courtroom.  LaBayre and the jury watched the boy's testimony on television monitors.  The jury could see only the boy on the television monitor and did not know LaBayre was not in the courtroom with the boy.  The judge told the boy that LaBayre could see and hear his testimony, and told the jury the procedure was being used to

minimize the emotional effect of having the boy testify in front of a full courtroom. LaBayre was able to confer with his attorney during the frequent breaks in testimony. At the trial's conclusion, the jury convicted LaBayre on both counts. The Iowa Supreme Court affirmed LaBayre's conviction in an unpublished opinion, and LaBayre's application for state postconviction relief was denied. LaBayre later filed this federal habeas petition challenging his convictions, contending his rights under the Sixth Amendment's Confrontation Clause were violated by the boy's testimony on closed circuit television. The district court denied LaBayre's petition, and we affirm.

Although "`the Confrontation Clause reflects a <u>preference</u> for face-to-face confrontation at trial,'" this preference "`must occasionally give way to considerations of public policy and the necessities of the case.'" <u>Maryland v. Craig</u>, 497 U.S. 836, 849 (1990) (quoted cases omitted). The Supreme Court has specifically held that a state's interest in protecting a child witness from the trauma of testifying in a child sexual abuse case justifies use of special procedures, like closed circuit television, allowing the child to testify without confronting the defendant face-to-face. <u>Id.</u> at 855. Before using a special procedure, the trial court must hear evidence and make a case-specific finding that use of a special procedure "is necessary to protect the welfare of the particular child witness who seeks to testify." <u>Id.</u> The trial court must also find the child would be traumatized by testifying in the defendant's presence, and this emotional distress is more than mere nervousness, excitement, or some reluctance to testify. <u>Id.</u> at 856.

LaBayre contends the trial court's findings and the record made at the evidentiary hearing are insufficient to satisfy <u>Craig</u>. In LaBayre's view, the trial court did not find, and the evidence does not show, the closed circuit television procedure was necessary or the boy would likely suffer sufficient emotional

distress if required to confront LaBayre face-to-face.  We disagree.

Three witnesses testified at the hearing on the State's motion for testimony by closed circuit television.  The boy's guardian ad litem said the boy expressed fear of being in the same room as LaBayre during the trial.  The boy's counselor testified the boy had said that if LaBayre was in the courtroom when the boy went there to testify, the boy would run out of the room.  The counselor gave her opinion that the boy would probably not be able to tell a jury and full courtroom about the sexual abuse, and would probably not say anything.  The counselor also testified the boy had asked whether LaBayre would be handcuffed to his chair, and was afraid LaBayre would be able to touch him.  Although the counselor told the boy that LaBayre would not be able to touch him and there would be people to protect him in the courtroom, the boy's behavior was regressing as the trial was approaching.  The boy's foster mother testified the boy began to wet and soil his pants, would not sleep without a light, and would check all the windows and doors to make sure they were locked.  As the trial drew closer, the boy slept on the couch rather than in his bedroom.  The boy said LaBayre was going to get him, and reasoned that when LaBayre came to the house, he would go to the boy's bed and the boy wouldn't be there.  The boy also told his foster mother he was afraid of testifying and of being in the same room with LaBayre.  When asked whether the boy was afraid of the courtroom in general, the foster mother stated the boy connects LaBayre with a courtroom.  After hearing the testimony, the trial court decided the boy's trial testimony should be televised by closed circuit equipment.

Because Craig was decided two years after LaBayre's trial, the trial court's decision does not parrot Craig's language.  Nevertheless, the trial court's decision and the record made at the evidentiary hearing satisfy Craig.  The court heard evidence and made a case-specific finding that the procedure was necessary to

-3-

protect the boy's welfare. Thus, this case is unlike <u>Hoversten v. Iowa</u>, 998 F.2d 614, 616 (8th Cir. 1993), where we granted a habeas petition because the trial court had presumed trauma without conducting a hearing. As for the other <u>Craig</u> requirements, the record makes clear the boy would be traumatized by LaBayre's presence, rather than the courtroom generally, and this trauma rose to a level greater than mere nervousness or excitement. The evidence overwhelmingly shows that the boy was terrified of being in LaBayre's physical presence. <u>See</u> <u>United States v. Carrier</u>, 9 F.3d 867, 870-71 (10th Cir. 1993) (use of child victim's closed circuit testimony did not violate Confrontation Clause on similar record), <u>cert. denied</u>, 114 S. Ct. 1571 (1994). The boy feared the courtroom, but only because he associated the courtroom with LaBayre. Indeed, the thought of seeing LaBayre in court made the eight-year-old boy unable to control his bodily functions and unable to sleep without a light or in his own bed. The evidence easily establishes that a face-to-face confrontation with LaBayre would cause the boy great trauma.

The closed circuit procedure used in this case preserved the essence of effective confrontation by ensuring the reliability of the boy's testimony. <u>Craig</u>, 497 U.S. at 857. We thus affirm the district court's denial of LaBayre's habeas petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.