2004-NMCA-015

84 P.3d 696

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Joseph L. HERRERA, Defendant–Appellant.**

**No. 22,416.**

Court of Appeals of New Mexico.

Dec. 4, 2003.

Certiorari Denied No. 28,245, Jan. 21, 2004.

Patricia A. Madrid, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, for Appellee.

John B. Bigelow, Chief Public Defender, Sheila Lewis, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

WECHSLER, Chief Judge.

{1} In this appeal, Defendant Joseph Herrera argues that the district court was constitutionally required to make specific findings justifying its substitution of videotaped testimony for face-to-face confrontation, even though Defendant never objected to the substitution. Because Defendant waived his confrontation clause claim by failing to raise the confrontation issue at trial and because there is no fundamental error, we affirm.

### Pertinent Procedural Background

{2} Defendant was indicted on six counts of criminal sexual contact of a minor, in violation of NMSA 1978, § 30–9–13(a)(1) (2001). Four counts arose from contact with Defendant's grandson. The State dropped two of these counts for lack of evidence, and the court declared a mistrial on the other two counts after trial. Defendant was convicted on the remaining two counts involving his granddaughter (Granddaughter).

{3} The evidence before the jury at trial included two separate videotapes, both showing Defendant's two grandchildren describing an incident at Defendant's house. Defendant moved the admission of the earlier videotape (interview tape), which was taken during an interview with the children at a rape crisis center "safe house" shortly after the alleged incident. This appeal involves the admission into evidence of the later videotape of Granddaughter's deposition (deposition tape). The State moved prior to trial to take the videotaped deposition of the children. The State's motion stated that neither child could testify in open court "without suffering unreasonable or unnecessary mental or emotional anguish and/or harm" and that the deposition tape would "eliminate a personal encounter of the alleged victims with ... [D]efendant"

while preserving Defendant's right to confrontation under the Sixth Amendment. The State later moved for admission of the deposition tape at trial. At no time did the district court make a determination of the justification for substituting the deposition tape for a face-to-face encounter in court, and Defendant did not request such a determination.

{4} Defendant now challenges, for the first time on appeal, the district court's admission of the deposition tape without making findings of fact or otherwise weighing his confrontation right against the potential harm that would result from a face-to-face encounter. He argues that the deposition tape deprived him of his constitutional right to confrontation. He asserts that Granddaughter did not appear to suffer unreasonable or unnecessary mental or emotional anguish during the taking of the deposition tape. Granddaughter, upon seeing Defendant who was present behind a one-way mirror during her deposition, said "Hi, [G]randpa." In addition, Granddaughter's mother testified that Granddaughter "still loved her grandfather and felt that he did no wrong."

### Standard of Review

{5} As a general rule, when a defendant argues that the admission of evidence violates the right to confront a witness, we review de novo the district court's decision to admit the evidence when the argument has been preserved. See State v. Lopez, 2000–NMSC–003, ¶¶ 10–12, 128 N.M. 410, 993 P.2d 727 (noting that "[w]hen a defendant alerts the trial court to a confrontation issue with a proper objection, he or she raises a question of law"). However, in this case, Defendant did not object to admission of the deposition tape and thereby failed to raise his constitutional argument. Thus, Defendant did not preserve the arguments he makes on appeal. See DeFillippo v. Neil, 2002–NMCA–085, ¶ 12, 132 N.M. 529, 51 P.3d 1183 (discussing the dual purposes of preservation rule as alerting the trial court to error and affording opponents the opportunity to counter objections). We therefore do not apply our constitutional standard of review, "harmless be-

yond a reasonable doubt," but review only for fundamental error. *Lopez*, 2000–NMSC–003, ¶ 20, 128 N.M. 410, 993 P.2d 727 (internal quotation marks and citation omitted).

{6} "Parties alleging fundamental error must demonstrate the existence of circumstances that 'shock the conscience' or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked." *State v. Cunningham*, 2000–NMSC–009, ¶ 21, 128 N.M. 711, 998 P.2d 176. We apply the doctrine of fundamental error "sparingly, to prevent a miscarriage of justice, and not to excuse the failure to make proper objections in the court below .... only if the defendant's innocence appears indisputable or if the question of his [or her] guilt is so doubtful that it would shock the conscience to permit the conviction to stand." *State v. Reyes*, 2002–NMSC–024, ¶ 42, 132 N.M. 576, 52 P.3d 948 (internal quotation marks and citation omitted). Neither the procedural circumstances nor the facts support the conclusion that fundamental error occurred in this case.

*Waiver of Confrontation Right*

{7} By statute and court rule, a district court may allow a videotaped deposition of a child under the age of sixteen who is the alleged victim in the prosecution of criminal sexual penetration or criminal sexual contact of a minor. NMSA 1978, § 30–9–17 (1978); Rule 5–504(A) NMRA 2003. The court may thereafter allow the deposition to be admitted in evidence at trial. *Id.* As a foundation for allowing the videotaped deposition, the district court must be satisfied that "the child may be unable to testify without suffering unreasonable and unnecessary mental or emotional harm," Rule 5–504(A), and make findings that justify the videotaped deposition instead of a face-to-face confrontation at trial. *State v. Fairweather*, 116 N.M. 456, 463, 863 P.2d 1077, 1084 (1993). In addition, the court must follow certain procedural safeguards prescribed by Rule 5–504(B). A judge must preside over the deposition, the defendant must be present and represented by counsel or waive counsel, and the defendant must be given an adequate opportunity to cross-examine the child, sub-

ject to such protection of the child as the judge deems necessary. Rule 5–504(B)(2)(3). When a court follows these procedures, a defendant's confrontation right under the Sixth Amendment to the United States Constitution is satisfied. *Fairweather*, 116 N.M. at 463, 863 P.2d at 1084; *State v. Ruiz*, 2001–NMCA–097, ¶ 41, 131 N.M. 241, 34 P.3d 630; *State v. Benny E.*, 110 N.M. 237, 242, 794 P.2d 380, 385 (Ct.App.1990); *State v. Tafoya*, 108 N.M. 1, 3–4, 765 P.2d 1183, 1185–86 (Ct.App.1988).

{8} However, a defendant can waive fundamental rights, including constitutional rights. *State v. Singleton*, 2001 NMCA 054, ¶ 11, 130 N.M. 583, 28 P.3d 1124. In addressing the waiver of a defendant's right to be present during jury selection, our Supreme Court has stated that " '[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege' which must be made in a knowing and voluntary manner." *State v. Padilla*, 2002–NMSC–016, ¶ 18, 132 N.M. 247, 46 P.3d 1247 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). It has recognized that a voluntary waiver may include an implied waiver by conduct. *Padilla*, 2002–NMSC–016, ¶ 14, 132 N.M. 247, 46 P.3d 1247; *see also State v. Corriz*, 86 N.M. 246, 248, 522 P.2d 793, 795 (1974) (affirming waiver by conduct of the right to presence in court by capital defendant).

{9} In this case, Defendant did not file a response to the State's motion for the videotaped deposition. He did not object at the time of the taking of the deposition or at the time that the district court admitted the deposition tape as evidence. To the contrary, Defendant relied on both the deposition tape and the interview tape in his opening and closing arguments. Defendant's actions indicate that he implicitly waived his right to face-to-face confrontation by conduct.

{10} Relying on *Padilla*, Defendant contends that even if his attorney's conduct constitutes an implied waiver, the waiver was insufficient because it was not explicitly made by Defendant. *See State v. Garcia*, 46 N.M. 302, 309, 128 P.2d 459, 462 (1942) ("Error that is fundamental must be such error as goes to the foundation or basis of a defen-

dant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive."). In *Padilla*, the defendant's case was set for joint trial with a co-defendant. *Padilla*, 2002–NMSC–016, ¶ 2, 132 N.M. 247, 46 P.3d 1247. The defendant did not appear for jury selection, the court severed the defendant's trial, and the defendant's attorney left the proceeding. *Id.* ¶ 3. After the jury was selected in the co-defendant's case, the defendant and his attorney requested that the court reconsider its severance decision and waived in writing any irregularities in the selection of the jury. *Id.* ¶¶ 4–5. Our Supreme Court, while discussing that a knowing, intelligent, and voluntary waiver of a defendant's presence may include an implied waiver by conduct, concluded that the written waiver was not voluntary, knowing, and intelligent under the circumstances because the court had not made sufficient inquiry regarding the waiver. *Id.* ¶¶ 14, 20–21.

{11} In *Padilla*, the need for the court to make inquiry was based on circumstances that do not apply to this case. The defendant in *Padilla* was entirely absent during the jury selection process. He did not endeavor to waive his right to be present until after the process had concluded. Our Supreme Court noted that the written waiver did not indicate that the defendant knew his rights or that his attorney had counseled him of his rights and the potential consequences of the waiver. This case is different. The waiver was the result of an ongoing series of occurrences which included Defendant's inaction as well as his active participation. Defendant did not initiate an express waiver after the fact as in *Padilla*. Defendant was not entirely absent during the proceeding, and all of the procedural safeguards for Defendant's right to confrontation required by Rule 5–504(B) were present: the judge presided over the deposition; Defendant was present behind a one-way mirror and was able to observe the children and communicate with counsel; Defendant was represented by counsel; and counsel had an adequate opportunity to cross-examine the children.

{12} In addition, we have recognized that a defendant's rights related to the conduct of trial may generally be waived through counsel, without the court conducting an inquiry as to the validity of the waiver. *Singleton*, 2001–NMCA–054, ¶¶ 12–14, 130 N.M. 583, 28 P.3d 1124. The ultimate decision in this case concerned the admission of evidence, a decision generally within the scope of counsel's trial strategy. *Id.* ¶ 14. Defendant's counsel could reasonably have decided as a matter of trial strategy that it would be damaging to Defendant's case if Granddaughter, who was described in trial testimony as always "very verbal," testified about her molestation by Defendant in front of the jury. *See Hawkins v. Hannigan*, 185 F.3d 1146, 1154 (10th Cir. 1999) (holding that counsel's decision in the defendant's presence for admission of hearsay statement of frail, elderly rape victim in lieu of live testimony was prudent trial strategy which did not infringe the defendant's confrontation right).

{13} Moreover, the evidence does not indicate that fundamental error occurred. Granddaughter stated in the interview tape that Defendant tickled her "on the cocho," referring to her vaginal area. She said that he removed her pants and panties. In the deposition tape, Granddaughter said that the last time she saw Defendant, she went to his room and he unbuttoned and unzipped her pants, pulled her panties down and tickled her. She testified that "[i]t made me feel a little bit upset[,]" and "[b]ecause it didn't feel very good." Defendant's son, Granddaughter's father, testified that Granddaughter reported to him upon leaving Defendant's house the day of the alleged incident that Defendant tickled her both that day and the day before and pointed to her "private area." Granddaughter described to him that Defendant unbuttoned her pants, pulled down her panties, and tickled her. He took Granddaughter to the hospital for an examination and alerted the Rape Crisis Center, although he stated that hospital personnel found no evidence of physical trauma. Granddaughter's mother testified that Granddaughter reported similar information to her, physically demonstrating the manner in which Defendant touched her. She also testified about changes in Granddaughter's demeanor after

the alleged assault. Although Defendant is correct that he testified he did not touch Granddaughter, that there are inconsistencies between the interview tape and the deposition tape, and that Granddaughter's mother testified Granddaughter still loved Defendant, the evidence does not indicate an unfairness in the jury verdict that would amount to fundamental error. *See State v. Trujillo*, 2002–NMCA–100, ¶ 31, 132 N.M. 649, 53 P.3d 909 (stating that "our review of the record leads us to conclude that the State presented substantial evidence to support the ... charges against Defendant, such that those convictions do not undermine judicial integrity") (internal quotation marks and citation omitted).

*Conclusion*

{14} Defendant waived his right to a face-to-face confrontation by failing to oppose the State's motion for substitution of the deposition tape and by taking part in both the deposition and the trial with no indication to the district court that he had any concern with the admission of the deposition tape. We affirm Defendant's convictions.

{15} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and IRA ROBINSON, Judges.