This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                             **NO. 27,927**

**MARC EDUARDO MONTOYA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Convicted of driving under the influence of intoxicating liquor contrary to NMSA 1978, § 66-8-102 (2005), Defendant appeals. Defendant asserts that his rights to confrontation and due process were violated when the district court, without articulating a compelling need or reason, allowed the State's chemist to testify via videoconferencing. We affirm Defendant's conviction.

**BACKGROUND**

Defendant was involved in an automobile accident on October 10, 2006. As Defendant was traveling westbound on Wildflower Parkway in a black pickup truck, he collided with a white SUV that was attempting to turn left from a southbound position on a county road into the eastbound lane of Wildflower Parkway. Loretta Gilbreath, the passenger in the SUV, testified that prior to the collision, the SUV, which was being driven by her husband, was stopped at a two-way stop sign. Mrs. Gilbreath and her husband checked to see if the road was clear before turning, and after ascertaining that it was, began to pull out into the intersection. Mrs. Gilbreath then witnessed the pickup truck "flying" "at a fast rate" towards the SUV. The pickup truck hit the rear part of the SUV.

Shortly before the collision, Melton Hepner, Jr., who was driving on Wildflower Parkway, saw the pickup truck traveling at a high rate of speed as it passed him. Mr. Hepner estimated the speed to be approximately 60 miles per hour

in a 45 mile per hour zone. Mr. Hepner came upon the accident immediately after it occurred and spoke to Defendant while Defendant was sitting in the driver's seat of the pickup truck. Mr. Hepner testified that he "notice[d] that there was a strong smell of alcohol coming out of the vehicle," and that Defendant's breath "smelled like alcohol." Mr. Hepner called the police.

Deputy Attaway, the police officer who wrote the police report for this case, observed an "bottle of alcohol" in the cab of the pickup truck at the scene of the accident. During a tow inventory of the pickup truck, two bottles of liquor were found, a one-third empty bottle of peppermint schnapps and an empty bottle of vodka.

Deputy Attaway spoke with Defendant after Defendant had been transported to the hospital, examined, and given a painkiller (possibly morphine). Deputy Attaway asked Defendant if he had been drinking, and Defendant replied that he had consumed alcohol between 2:00 a.m. and 3:00 a.m. Deputy Attaway noted that Defendant had a "moderate to medium smell" of alcohol, bloodshot eyes, and slightly slurred speech. Deputy Attaway arrested Defendant for driving under the influence. Defendant consented to a blood draw.

At trial, a chemist with the Scientific Laboratory Division (Chemist) testified for the State via videoconferencing regarding Defendant's blood alcohol level. Chemist could be seen and heard through a television screen. Chemist could hear the

judge, prosecutor, and defense attorney, and Chemist could see documents that were presented to him. Chemist testified that Defendant's blood alcohol concentration was .13. Chemist was thoroughly cross-examined by the defense attorney. At no time did Defendant object to Chemist testifying via videoconferencing.

The jury was instructed under two theories of driving under the influence. The first alternative stated that to find Defendant guilty of DWI, the State must prove beyond a reasonable doubt, in relevant part, that

> [D]efendant was under the influence of intoxicating liquor, that is, as a result of drinking liquor the defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public[.]

The second alternative stated that the State must prove "[D]efendant had an alcohol concentration of eight one-hundredths (.08) grams or more in one hundred milliliters of blood." The jury found Defendant guilty under both theories. Defendant appeals.

**DISCUSSION**

**Argument Not Preserved**

Defendant asserts that his rights to confrontation and due process under the state and federal constitutions were violated when the district court allowed Chemist to testify via videoconferencing without requiring the State to articulate a compelling

4

need or reason for not having the witness present in court. Defendant does not argue that the state constitution provides greater protection than the federal constitution. Therefore we do not engage in separate analysis of the protection provided under the state constitution. *See State v. Ochoa*, 2004-NMSC-023, ¶ 6, 135 N.M. 781, 93 P.3d 1286. Defendant raises the confrontation claim for the first time in his docketing statement, and thus did not properly preserve this argument. *See* Rule 12-216(A) NMRA. "It is well-settled that objections must be raised below to preserve an issue for appellate review." *State v. Lucero*, 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct. App. 1986).

Defendant implies that his lack of preservation is excused because *State v. Almanza*, 2007-NMCA-073, 141 N.M. 751, 160 P.3d 932, was not yet decided at the time of Defendant's trial. In *Almanza*, this Court held that mere inconvenience to an essential witness is not sufficient to justify substitution of telephonic testimony in lieu of face-to-face confrontation. *Id.* ¶ 12. *Almanza* is not dispositive to the present case because it concerned telephonic testimony rather than two-way videoconferencing. *Id.* ¶ 3. Furthermore, *Almanza* was not the first New Mexico case to deal with confrontation clause issues. *See, e.g., State v. Herrera*, 2004-NMCA-015, ¶ 7, 135 N.M. 79, 84 P.3d 696 (filed 2003) (examining the use of a videotape deposition in lieu of live testimony); *State v. Benny E.*, 110 N.M. 237, 240, 794 P.2d 380, 383 (Ct. App.

1990) (examining a victim's testimony in judge's chambers that was observed by the defendant through a video monitor). Thus, Defendant's lack of preservation is not excused.

During trial Defendant did not object in any way to Chemist's testimony via videoconferencing. In a similar case, *Herrera*, this Court stated that "a defendant can waive fundamental rights, including constitutional rights," and held that the defendant "waived his right to a face-to-face confrontation by failing to oppose the State's motion for substitution of the deposition tape and by taking part in both the deposition and the trial with no indication to the district court that he had any concern with the admission of the deposition tape." *Herrera*, 2004-NMCA-015*, ¶¶ 8, 14. The same rationale applies to the present case, and we hold that Defendant failed to preserve his confrontation claim. Because of Defendant's lack of preservation and waiver of his claim, we will only review his claim for fundamental and structural error. *See* Rule 12-216(B).

**Fundamental Error**

As articulated in *Herrera*,

> Parties alleging fundamental error must demonstrate the existence of circumstances that shock the conscience or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked. We apply the doctrine of fundamental error sparingly, to

> prevent a miscarriage of justice, and not to excuse the
> failure to make proper objections in the court below.

2004-NMCA-015, ¶ 6 (internal quotation marks and citations omitted). The following evidence was presented at trial: Defendant was seen driving at a high rate of speed prior to the accident; shortly after the accident Defendant had bloodshot eyes, slurred speech, and smelled of alcohol; and bottles of liquor were found in the vehicle. Furthermore, the jury found Defendant guilty of driving under the influence not only under the .08 alternative (to which Chemist's testimony about Defendant's blood alcohol concentration was relevant) but also under the "less able to the slightest degree" alternative. Thus "the evidence does not indicate an unfairness in the jury verdict that would amount to fundamental error." *Id.* ¶ 13. Defendant's conviction does not shock our conscience. We hold that no fundamental error occurred.

**Structural Error**

Defendant states that if we determine the error was not preserved, we can review for structural error. "A structural error is a defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *State v. Nguyen*, 2008-NMCA-073, ¶ 9, 144 N.M. 197, 185 P.3d 368 (internal quotation marks and citation omitted). Structural errors are rare, and examples of when they have been found include "where there is a total deprivation of the right to

counsel or when a trial has been conducted before a judge who is not impartial." *Id.* We do not see how Chemist's testimony through videoconferencing amounts to structural error, and Defendant does not provide any argument supporting his contention. Therefore, we hold that no structural error occurred.

**CONCLUSION**

For the above reasons, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

 

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**