This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                **NO. 29,447**

**LAYMON K. HIGHTOWER,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

         **MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant Laymon Hightower appeals his convictions for two counts of first degree criminal sexual penetration of a child under the age of thirteen, in violation of NMSA 1978, Section 30-9-11(C)(1) (2003) (amended 2009), and four fourth degree counts of criminal sexual penetration of a child between the ages of thirteen and sixteen, in violation of Section 30-9-11(F)(1). Defendant argues that the district court abused its discretion when it denied his (1) motion to permit cross-examination of the complaining witness about her prior sexual history with boys other than Defendant, (2) two motions to continue, and (3) motion for a new trial. We conclude that the district court did not abuse its discretion in denying any of the above motions and, therefore, we affirm Defendant's convictions.

**BACKGROUND**

Victim moved in with her father, her father's girlfriend, and Defendant, who was the girlfriend's adult son, along with several other people in a trailer in Tularosa, New Mexico, shortly after her mother died in July 2002. She started sixth grade and turned twelve that same year. Victim had sexual intercourse with Defendant for the first time around her brother's birthday in April 2003 in her bedroom. A couple of weeks later in April 2003, Defendant again penetrated Victim in the barn near her family's trailer. Defendant continued having sexual intercourse with Victim over a

period of approximately three years, except when he was out of town for a job and one summer when Victim was living with another relative.

On December 28, 2005, Victim learned that she was pregnant. She told her father's girlfriend and Defendant that she was pregnant. When she told her father she was pregnant, he gave her the option to get an abortion or move in with her father's aunt. Victim moved in with her father's aunt in Alamogordo, New Mexico. After moving in with her father's aunt, she met with an officer at the Otero County Sheriff's Department regarding her sexual relationship with Defendant and her resulting pregnancy.

Victim gave birth to twins on June 8, 2006, at age fifteen. She provided DNA samples for a paternity test to the sheriff's department. After executing a search warrant on Defendant in September 2006, DNA was collected from Defendant and submitted for paternity testing. The sheriff's department received the results of the paternity test in March 2007 establishing by 99.99% probability that Defendant fathered the twins. Defendant was subsequently arrested and arraigned in late March 2007. Defendant was indicted by a grand jury on April 25, 2007.

During the sixteen months between the indictment and trial, Defendant had three different lawyers. Due to a number of circumstances, such as Defendant changing his mind about entering a plea and one of Defendant's lawyers having to

3

withdraw when he realized he was representing Victim's father in an unrelated CYFD matter, the trial was continued three times between the initial October 22, 2007 trial date and the final August 18, 2008 trial date.

On August 15, 2008, three days before trial, Defendant filed a motion to permit him to inquire on cross-examination into statements Victim made about her sexual history. The district court denied his motion. Defendant also filed motions to continue on August 15, 2008, and August 18, 2008, alleging that he needed more time to adequately prepare his defense. The district court denied both motions.

Trial began on August 18, 2008. Defendant was found guilty on counts one, two, three, five, eight and nine consisting of two first degree felonies and four fourth degree felonies. He was sentenced to forty-two years in prison with four and one-half years suspended.

On February 23, 2009, Defendant filed a motion for a new trial. After the State's response indicated that Defendant had failed to identify the basis for his motion, Defendant filed an amended motion on March 9, 2009, on the basis of newly discovered evidence. The district court denied the motion.

Defendant appeals the district court's orders (1) denying his motion to permit him the opportunity to cross-examine Victim regarding statements about her prior

4

sexual relations with other boys, (2) denying his motions to continue, and (3) denying his motion for a new trial.

**DISCUSSION**

**Standard of Review**

We review each of Defendant's claims for an abuse of discretion. *See State v. Stephen F.*, 2008-NMSC-037, ¶ 8, 144 N.M. 360, 188 P.3d 84 (stating that we review a district court's decision to exclude evidence of a victim's prior sexual conduct for an abuse of discretion); *State v. Rivera*, 2009-NMCA-132, ¶ 43, 147 N.M. 406, 223 P.3d 951 (stating that we review the grant or denial of a motion to continue for an abuse of discretion), *cert. denied*, 2009-NMCERT-011, 147 N.M. 463, 225 P.3d 793; *State v. Mann*, 2002-NMSC-001, ¶ 17, 131 N.M. 459, 39 P.3d 124 (stating that we review the denial of a motion for new trial for an abuse of discretion). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Moreland*, 2008-NMSC-031, ¶ 9, 144 N.M. 192, 185 P.3d 363 (internal quotation marks and citation omitted). A district court abuses its discretion when the ruling is clearly untenable or not justified by reason. *Id.* If there are reasons that both support and detract from a court's decision, there is no

abuse of discretion. *Id.* It is Defendant's burden to establish that the district court abused its discretion. *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20.

**The District Court Did Not Abuse Its Discretion in Denying Defendant's Motion to Cross-Examine Victim About Her Statements Regarding Sexual Relations With Other Boys**

Defendant contends that he was denied his constitutional right to confront witnesses against him when the district court denied his motion to permit cross-examination of Victim regarding statements she made about her sexual relations with other boys. Defendant filed his motion pursuant to Rule 11-413 NMRA, on August 15, 2008, and he faxed a proffer of evidence related to his motion on August 16 or 17, 2008. *See* Rule 11-413(B) (requiring a defendant to submit a pretrial motion for in camera review if a defendant seeks to offer evidence of a victim's past sexual conduct at trial). The district court heard the motion in camera after the jury was sworn on August 18, 2008. The district court denied Defendant's motion as it was untimely under Rule 11-413 and Rule 5-601(D) NMRA, and because Defendant did not make a sufficient showing that he had a constitutional right to introduce evidence that is otherwise excluded by our rape shield statute, NMSA 1978, Section 30-9-16(A) (1993).

In general, the rape shield statute prohibits the introduction of evidence of a victim's prior sexual history. *See* § 30-9-16(A) (stating that "[a]s a matter of substantive right . . . evidence of the victim's past sexual conduct . . . shall not be admitted unless, and only to the extent that the court finds that, the evidence is material to the case" and that it is more probative than prejudicial). A defendant who wishes to introduce evidence of the victim's prior sexual history must file a motion pursuant to Rule 11-413(B). Rule 11-413(B) requires that a defendant submit a written motion prior to trial, and "[t]he court shall hear such pretrial motion prior to trial at an in camera hearing to determine whether such evidence is admissible." All pre-trial motions, "unless otherwise provided by these rules or unless otherwise ordered by the court, shall be made at the arraignment or within ninety (90) days thereafter, unless upon good cause shown the court waives the time requirement." Rule 5-601(D). Here, Defendant did not file his motion until August 15, 2008, just three days before trial. The court could not have conducted an in camera hearing until the day of trial, as the court did not have a proffer of evidence on the motion until August 16 or 17, 2008, and because the court was already hearing other motions into the evening of August 15, 2008. Defendant claims that the delay was not his fault but was due to the fact that defense counsel obtained the tapes and transcripts of officer interviews of Victim very close to trial. However, the State argued that it had

7

disclosed the tapes and transcripts very early in the case and that defense counsel should have known that he was missing the tapes earlier because they were also mentioned in the police reports.

We conclude that the district court did not abuse its discretion in denying Defendant's late motion requesting permission to cross-examine Victim about statements she made regarding sexual relations with boys other than Defendant. There was evidence in the record that Defendant should have been aware of the tapes, such that it was reasonable for the district court to conclude that there was no good cause for the late filing of the motion. Although Defendant asserts that the evidence was necessary to protect his right to confront the witness against him, constitutional rights can be waived. *Cf. State v. Herrera*, 2004-NMCA-015, ¶ 9, 135 N.M. 79, 84 P.3d 696 (holding that a defendant implicitly waived his constitutional right to face-to-face confrontation when he failed to timely object to the prosecution's motion to substitute a videotaped deposition of the child victim for trial testimony and when the defendant referenced the videotape in opening and closing arguments).

Because we have decided this matter on the ground of timeliness, it is unnecessary for us to review the substance of Defendant's motion and proffer. We, therefore, deny the State's motion to unseal the documents and the State's request for an opportunity for supplemental briefing.

8

**The District Court Did Not Abuse Its Discretion in Denying Defendant's August 15 and August 18, 2008 Motions to Continue**

Defendant contends that the district court abused its discretion when it denied his August 15 and August 18, 2008, motions to continue. Defendant requested the first continuance three days before the case was set to go to trial when he learned that the expert he had been planning to call decided not to testify. He asked for enough time to find another expert or, alternatively, to regroup. Defendant moved for a second continuance on the day of trial. He stated that the reason he needed a continuance was that he was still hindered by the sudden absence of his expert, that his preparation for trial had been hampered by his preparation of a proffer of evidence of Victim's statements about her sexual relations with boys other than Defendant for an unrelated motion, and that some of the witnesses he had listed on his August 7, 2008, witness list had not been served.

In *Torres*, our Supreme Court set forth a number of factors to consider in determining whether a district court has abused its discretion in granting or denying a motion to continue. 1999-NMSC-010, ¶ 10. The factors that a district court must consider are (1) the length of the delay, (2) the likelihood that the delay would accomplish the movant's objectives, (3) the number of previous continuances in the same matter, (4) the degree of inconvenience to the parties and the court, (5) the

9

legitimacy of the motive for the request to delay, (6) whether the needed delay is movant's fault, and (7) the prejudice to the movant if the motion is denied. *Id.* If the district court applies the factors in a logical and balanced way and finds that they supported denying the motion, then there is no abuse of discretion. *See State v. Salazar*, 2007-NMSC-004, ¶ 27, 141 N.M. 148, 152 P.3d 135.

Defendant argues that some of the *Torres* factors weighed in favor of granting a continuance. First, Defendant expressed that he only needed a short continuance. Even though he did not specify the amount of time he needed, he did not ask for a long delay. Second, his motives in seeking more time to regroup or find another expert were legitimate, especially when it was not his fault that his expert refused to testify on late notice. We agree that these factors would have supported granting Defendant's motions.

However, the district court could have reasonably concluded that the remaining *Torres* factors supported denying the motions to continue. First, the district court could have reasonably found that Defendant could not have found an expert to testify at the trial even if he had been given more time and, thus, the continuance would not have served this purpose. Defendant theorized that he never penetrated Victim despite DNA evidence establishing paternity. His theory was that Victim became pregnant by sitting on a toilet seat soiled with his sperm that was released during a bowel

exertion. Defendant's counsel had previously only found two individuals that he hoped could testify to support his theory at trial. The first was a "sexologist" that Defendant withdrew as an expert following the State's *Daubert* objection. The second refused to testify three days before trial. At the August 15, 2008, hearing, defense counsel told the district court that he had been searching for experts, that he did not know of anyone else that would testify, and that he had searched for studies or tests to support his theory and had only found one medical abstract in a European Journal of Gynecology that might have supported his theory that impregnation could occur without penetration. Thus, considering these facts, it was not unreasonable for the district court to conclude that defense counsel would not have been able to find an expert during a short continuance to testify to Defendant's theory that Victim was impregnated after Defendant ejaculated onto a toilet seat. *See State v. Boyett*, 2008-NMSC-030, ¶ 35, 144 N.M. 184, 185 P.3d 355 (holding that the denial of a motion for a new trial was not an abuse of discretion where the defendant only speculated that he could find an expert to testify in his favor).

Next, the case had already been continued three times and had been delayed ten months beyond the initial October 22, 2007, trial date and sixteen months from the April 25, 2007, grand jury indictment. These circumstances support the district court's denial of the motions to continue. *See State v. Salazar*, 2006-NMCA-066,

¶ 26, 139 N.M. 603, 136 P.3d 1013 (holding that it was not an abuse of discretion for the district court to deny the fifth motion to continue in a case where four prior continuances had been granted resulting in eight months of delay before trial).

The fourth *Torres* factor requires the district court to consider the degree of inconvenience to the court and the parties. 1999-NMSC-010, ¶ 10. For inconvenience to be a factor, the record must demonstrate some significant or substantial inconvenience. *Id.* ¶ 17. When Defendant first moved for a continuance on August 15, 2008, Victim had already traveled from Texas to New Mexico to testify. By the time of the hearing on the second motion to continue on August 18, 2008, there was evidence that the State's expert was likely en route from Missouri for the trial. Thus, it was reasonable for the district court to conclude that granting either continuance would have been a significant inconvenience to the State. *See Salazar*, 2006-NMCA-066, ¶ 26 (holding that it was not an abuse of discretion for the district court to deny a motion to continue a week before trial when the State had already subpoenaed its witnesses and "a continuance would have made that a wasted effort").

The district court could have similarly found that the sixth factor supported denying Defendant's second motion. It would have been reasonable for the district court to conclude that it was Defendant's fault that three of the defense witnesses had

12

not been timely served because he disclosed the witness list to his counsel only eleven days before trial, on August 7, 2008.

Finally, even though Defendant contends that he was prejudiced by the denial of his motions to continue because he could not present a defense without an expert, it was reasonable for the district court to conclude that since it was unlikely that Defendant could have found a qualified expert to testify to his theory of the case, he suffered no prejudice in not having one. Further, under such circumstances, the district court could have also reasonably concluded that three days was sufficient time for defense counsel to regroup after learning that his expert would not testify at trial. Finally, Defendant made no proffer or argument at the hearing to demonstrate why he needed those witnesses for his defense. Thus, it would have been reasonable for the district court to conclude that Defendant was not prejudiced if those witnesses were not available to testify. *See Torres*, 1999-NMSC-010, ¶ 12 (holding that a proffer that an absent witness's testimony was "the whole show" for the defense was sufficient to establish prejudice if the defendant could not have that witness testify). The district court did not abuse its discretion.

**The District Court Did Not Err in Denying Defendant's Motion for a New Trial**

Defendant contends that the district court abused its discretion in denying his motion for a new trial on the grounds that there was newly discovered evidence or,

13

alternatively, that the district court abused its discretion in denying his motion for a new trial on the grounds of ineffective assistance of counsel. On February 23, 2009, Defendant filed a motion for a new trial. On March 9, 2009, he filed an amended motion clarifying that he was seeking a new trial based on newly discovered evidence. He claimed that the newly discovered evidence was his trial lawyer's new knowledge that he had failed to ask Victim certain questions during cross-examination. Defendant stated that his counsel had intended to ask Victim whether she told a sheriff's deputy that the first time she had sexual intercourse with Defendant was between September and December 2003 when she was thirteen years old, but counsel failed to do so at trial and did not become aware of his failure until he listened to the tapes. Defendant asserts that this evidence was important, because penetration of a victim under the age of thirteen is a first degree felony, whereas penetration of a victim over the age of thirteen is a fourth degree felony. *See* § 30-9-11(C)(1), (F).

Rule 5-614(C) NMRA states,

A motion for new trial based on the ground of newly discovered evidence may be made only before final judgment, or within two (2) years thereafter, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for new trial based on any other grounds shall be made within ten (10) days after verdict or finding of guilty or within such further time as the court may fix during the ten (10) day period.

14

In *State v. Volpato*, our Supreme Court set forth the requirements that must be met before a district court will grant a motion for a new trial on the basis of newly discovered evidence. 102 N.M. 383, 384-85, 696 P.2d 471, 472-73 (1985). Newly discovered evidence must meet the following six requirements:

> (1) it will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it could not have been discovered before the trial by the exercise of due diligence; (4) it must be material; (5) it must not be merely cumulative; and (6) it must not be merely impeaching or contradictory.

*Id.*

Defendant failed to demonstrate how the evidence he claimed was "newly discovered" met the elements necessary to grant him a new trial. First, the evidence itself was not discovered since the trial. It is undisputed that Defendant knew of Victim's statement prior to trial and intended to ask questions related to her age at the first sexual encounter on cross-examination. Further, the evidence would have only been for the purpose of impeachment which *Volpato* indicates does not warrant a new trial. *See id.* Thus, it was reasonable for the district court to deny Defendant's motion for a new trial where Defendant failed to establish at least three of the *Volpato* elements necessary to grant a new trial on newly discovered evidence.

Defense counsel contends that the newly discovered evidence was his new knowledge of the failure to ask certain questions of the witness. However, such

15

knowledge is not "evidence" within the meaning of Rule 5-614(C). *See Volpato*, 102 N.M. at 385-86, 696 P.2d at 473-74 (establishing that a witness coming forth after the trial with testimony corroborating the defendant's theory of the case was newly discovered "evidence" when the witness had previously refused to offer details of her knowledge to defense counsel out of fear of repercussions for her family).

Defendant argues that his motion was also based on ineffective assistance of counsel. This would constitute "other grounds" for a motion for a new trial under Rule 5-614(C). When a motion for new trial is filed based on other grounds, it must be filed within ten days. Rule 5-614(C) (stating that motions for new trials based on any grounds other than newly discovered evidence must be filed within ten days of the verdict or finding of guilty or "within such further time as the court may fix during the ten (10) day period"). Here, the motion was filed approximately five months after the verdict. Once the ten days had passed, the district court was divested of jurisdiction to hear a claim for a new trial based on these grounds. *State v. Lucero*, 2001-NMSC-024, ¶¶ 9-10, 130 N.M. 676, 30 P.3d 365. Therefore, the district court did not abuse its discretion in denying the motion for a new trial on grounds of ineffective assistance of counsel.

Defendant frames his argument regarding ineffective assistance of counsel in terms of the district court's abuse of discretion in denying his motion for a new trial.

16

However, to the degree that Defendant's argument could be read to assert a claim of a prima facie case of ineffective assistance of counsel on direct appeal, Defendant has failed to make such a showing. In order to establish a prima facie claim of ineffective assistance of counsel, a defendant must show that "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). Here, we fail to see how Defendant was prejudiced when his counsel did not ask Victim about one statement she made that she was thirteen when she first had sexual intercourse with Defendant. Prior inconsistent statements that are not made under oath are not admissible as substantive evidence, but may only be used to impeach the credibility of a witness. *State v. Macias*, 2009-NMSC-028, ¶ 20, 146 N.M. 378, 210 P.3d 804. Here, defense counsel asked Victim other questions and pointed to other inconsistencies to impeach her credibility and asked her questions about whether she testified differently at trial than she had to sheriff's deputies. Thus, Defendant has not established that the outcome of his case would have been different if counsel had asked Victim whether she had once said that she was thirteen years old the first time she had sexual intercourse with

Defendant. Therefore, to the degree that Defendant's argument could be read to assert a prima facie case of ineffective assistance of counsel, he has failed to establish such a claim on direct appeal. *See State v. Martinez,* 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.").

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**